L.P. CAVETT COMPANY, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF LABOR, et al., Defendants–Appellees.

No. 95–3902.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 19, 1996.

Decided Dec. 3, 1996.

Paul D. Rice (argued and briefed), Cincinnati, OH, for L.P. Cavett Co.

William J. Stone, Ford F. Newman (argued and briefed), U.S. Department of Labor, Office of the Solicitor, Washington, DC, and James M. Coombe, Office of the U.S. Attorney, Cincinnati, OH, for United States Department of Labor, Robert Reich, and Wage Appeals Board.

William A. Isokait (briefed), Associated General Contractors of America, Inc., Washington, DC, for Associated General Contractors of America, Inc., Amicus Curiae.

Terry R. Yellig (briefed), Sherman, Dunn, Cohen, Leifer & Yellig, Washington, DC, for the Building and Construction Trades Department, AFL–CIO, Amicus Curiae.

Before: KEITH, SILER, and BATCHELDER, Circuit Judges.

KEITH, Circuit Judge.

Plaintiff–Appellant, L.P. Cavett Company ("Cavett") appeals from an order of the magistrate judge granting summary judgment in favor of the Department of Labor in an action to review the Department's determination that Cavett and its subcontractor violated the Davis–Bacon Act while performing work on a federally-funded highway construction project. Cavett contends that the district court erred in finding that the prevailing wage requirements of the Davis–Bacon Act were intended to apply to truck drivers hauling asphalt from a temporary batch plant to a highway construction project. *See* 892 F.Supp. 973, 981–82 (S.D.Ohio 1995). We agree with Cavett that the wage provisions of the Davis–Bacon Act were not intended to apply to the truck drivers. In addition, we find that the Federal–Aid Highways Act does not impose an obligation on Cavett to pay the truck drivers prevailing wages. As a result, we **REVERSE** the decision of the magistrate judge and **REMAND** this case to the district court with instructions to enter judgment in favor of Cavett.

## I. Background

On June 10, 1985, the Indiana Department of Highways awarded a contract to Cavett to resurface roughly 10.8 miles of Indiana state road. The contract specified that Cavett would perform surface and shoulder removal, widening of the highway and then resurfacing with a bituminous mix. On June 12, 1985, representatives of Cavett and the Indiana Department of Highways decided that a bituminous plant would be established approximately three miles from the midpoint of the highway to be reconstructed. Cavett subcontracted with George St. John's Trucking ("St. John's") to haul materials, supplies

and equipment from the batch plant to the highway. Cavett's contract with St. John's did not contain a Davis–Bacon Act prevailing wage standard provision even though the highway project was financially assisted by federal funds.

In 1988, the Department of Labor initiated an investigation of the highway project. On May 16, 1989, the Wage and Hour Administrator issued a ruling that the truck drivers hauling asphalt from the batch plant to the highway site should have been paid at the prevailing Davis–Bacon wage rate because the batch plant could be considered as part of the "site of work" pursuant to 29 C.F.R. § 5.2(1)(2). The Administrator found that the batch plant was part of the "site of work" because (1) the batch plant was established after the contract was awarded, (2) the batch plant was three to five miles from the construction site, and (3) the material produced at the batch plant was furnished exclusively, or nearly so, to the highway project. Thereafter, Cavett was assessed $11,202.10 in back wages—$9,403.87 of which was due for prevailing wages and $1,798.23 for overtime wages.

On June 14, 1989, Cavett filed a petition for review before the Wage Appeals Board. The Board found that the bituminous batch plant was part of the "site of the work," as defined in the applicable regulations at 29 C.F.R. § 5.2(l), and that therefore, the Davis–Bacon Act prevailing wage rates applied to St. John's truck drivers.

Cavett petitioned the district court for review on September 22, 1993. The parties stipulated to having a magistrate judge decide the case. On July 20, 1995, the magistrate judge upheld the Department's regulatory interpretation of the "site of the work," and thus, affirmed the Wage Appeals Board's decision that the truck drivers were working on the "site of the work" for purposes of prevailing wage coverage. The magistrate judge found that the statutory phrase "directly upon the site of the work" was ambiguous, and that section 5.2(l) represented a permissible construction of that phrase. Cavett filed a timely notice of appeal to this Court.

## II. Discussion

### A. Standard of Review

We review *de novo* the magistrate judge's decision to grant summary judgment in favor of the Department of Labor. *Brooks v. American Broadcasting Co.*, 932 F.2d 495, 500 (6th Cir.1991), *cert. denied*, 510 U.S. 1015, 114 S.Ct. 609, 126 L.Ed.2d 574 (1993). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). Under the Administrative Procedure Act, judicial review of a Wage Appeals Board's decision is limited to the question of whether the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Communities, Inc. v. Busey*, 956 F.2d 619, 623 (6th Cir.), *cert. denied*, 506 U.S. 953, 113 S.Ct. 408, 121 L.Ed.2d 332 (1992).

### B. Davis-Bacon Act

The Davis–Bacon Act, 40 U.S.C. § 276a, was passed in 1931. It provides that for all contracts involving federal construction projects, "mechanics and laborers employed directly on the site of the work" shall be paid local prevailing wage rates as determined by the Secretary of Labor. The dual purposes of the Act are to give local laborers and contractors fair opportunity to participate in building programs when federal money is involved and to protect local wage standards by preventing contractors from basing their bids on wages lower than those prevailing in the area. *See* S.Rep. No. 963, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 2339, 2340.

In finding that the truck drivers employed by St. John's Trucking Company were entitled to prevailing wages under the Davis–Bacon Act, the Department of Labor included in the site of the work both a batch plant located at a quarry more than three miles away from the highway construction project and the Indiana highway system that was used to transport materials from the batch

plant to the construction project. In support of this determination, the Department of Labor relied on its own definition of "site of the work" contained in 29 C.F.R. § 5.2(*l*). That regulation states:

(1) The site of the work is limited to the physical place or places where the construction called for in the contract will remain when work on it has been completed and, as discussed in paragraph (*l*)(2) of this section, *other adjacent or nearby property used by the contractor or subcontractor in such construction which can reasonably be said to be included in the site.*

(2) Except as provided in paragraph (*l*)(3) of this section, fabrication plants, mobile factories, *batch plants, borrow pits, job headquarters, tool yards, etc. are part of the site of the work provided they are dedicated exclusively, or nearly so, to performance of the contract or project, and are so located in proximity to the actual construction location that it would be reasonable to include them.*

(3) Not included in the site of the work are permanent home offices, branch plant establishments, fabrication plants, and tool yards of a contractor or subcontractor whose locations and continuance in operation are determined wholly without regard to a particular Federal or federally assisted contract or project. In addition, fabrication plants, batch plants, borrow pits, job headquarters, tool yards, etc., of a commercial supplier or materialman *which are established by a supplier of materials for the project before opening of bids and not on the project site, are not included in the site of the work.* Such permanent, previously established facilities are not a part of the site of the work, even where the operations for a period of time may be dedicated exclusively, or nearly so to the performance of a contract.

29 C.F.R. 5.2(*l*) (emphasis added).

■ Our review of Cavett's statutory challenge is governed by the framework established in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). First, we must deter-

mine whether "Congress has directly spoken to the precise question at issue." *Id.* at 842, 104 S.Ct. at 2781. If we find that Congress has spoken to the precise question at issue "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43, 104 S.Ct. at 2781. However, if the relevant statute is ambiguous or silent with respect to the matter in question, we must then assess whether the agency's interpretation is based on a permissible construction of the statute. *Id.* at 843, 104 S.Ct. at 2781–82.

■ In the present case, the magistrate judge found that the phrase "directly upon the site of the work" was ambiguous because in constructing a highway it was necessary that work would "spill over onto nearby areas" not occupied by the final construction work. The magistrate judge then determined that the definition of "site of the work" contained in 29 C.F.R. § 5.2(*l*)(2) was a permissible construction of the Davis–Bacon Act—thereby satisfying the two pronged inquiry of *Chevron.* 892 F.Supp. at 980–81. We find that the magistrate judge erred in determining that the relevant statutory language was ambiguous.

In reaching our decision, we rely on the reasoning employed by the D.C. Circuit court in *Ball, Ball & Brosamer, Inc. v. Reich,* 24 F.3d 1447 (D.C.Cir.1994), and *Building & Construction Trades Dep't, AFL–CIO v. United States Dep't of Labor Wage Appeals Bd.,* 932 F.2d 985 (D.C.Cir.1991) (the "Midway case").

In *Ball,* a contractor entered into a federal construction contract to build a thirteen mile aqueduct between Phoenix and Tucson, Arizona. *Ball,* 24 F.3d at 1448. The contractor, Ball, subcontracted with an Arizona based company ("Red Rock Products") for the concrete and gravel it needed for the project. *Id.* Red Rock obtained raw materials from a local sand and gravel pit and set up a portable batch plant for mixing concrete. *Id.* at 1449. The borrow pit and batch plant were located two miles from the nearest point of the construction site. The question facing the District of Columbia Circuit Court was

whether the batch plant could be considered as part of the "site of work" for purposes of the Davis–Bacon Act. That Court held that the provisions of the Davis–Bacon Act were clearly and unambiguously intended to apply only to workers on the actual physical site of the public work under construction. *Id.* at 1452–1453. As the Court did not find any ambiguity in the relevant language of the Davis–Bacon Act, it did not reach the question of whether 29 C.F.R. § 5.2(*l*) was a permissible construction of that statute. *Id.*

Similarly, in *Midway,* a public contractor sought review of a Department of Labor Regulation, 29 C.F.R. § 5.2(j), which extended coverage under the Davis–Bacon Act to truck drivers employed by government contractors to transport materials to the site of a federally funded construction project. 932 F.2d at 986. The court found that the phrase "mechanics and laborers employed directly upon the site of the work," within the meaning of the Davis–Bacon Act, restricted the coverage of the Act to employees working directly on the physical site of the building. *Id.* at 990. In reaching its decision, the court commented that "[n]othing in the legislative history suggests, as the DOL has ruled, that Congress intended the employment status of the worker, rather than the location of his job, to be determinative of the Act's coverage." *Id.* at 991.[1]

The magistrate judge found that the *Midway* case was distinguishable on its facts and that the *Ball* decision was unclear. 892 F.Supp. at 980. We disagree. Although in *Midway* the truck drivers transported the materials from commercial suppliers, whereas in the present case the materials were transported from a contractor's batch plant, the District of Columbia Circuit Court expressly held in *Midway* that the words "directly upon the site of the work" contained in the Davis–Bacon Act were not ambiguous. 932 F.2d at 990.

In addition, we do not find the court's reasoning in *Ball* to be unclear. The magistrate judge believed that dicta in the *Ball*

decision—which noted that off-site facilities in "actual or virtual adjacency" to the construction site (as opposed to facilities two miles away) could possibly satisfy the "site of the work" requirement of the Davis–Bacon Act—rendered the opinion inconsistent. 892 F.Supp. at 980. However, we find no inconsistency in this logic. The *Ball* court was simply trying to give an example of the type of facility which might meet the precise geographical limitation requirement of the Davis–Bacon Act. In our view it is not unreasonable to conclude that while a facility in virtual adjacency to a public work site might be considered part of that site, a facility located two (or in this case three) miles away from the site would not.

In sum, the language of the Davis–Bacon Act is not ambiguous. As this Court noted with approval in *Jewish Hospital v. Secretary of Health and Human Services,* 19 F.3d 270, 274 (6th Cir.1994),

> Where the language of the regulation is clear and plain, not only is there no reason to let the Director offer an interpretation of it, and no reason to consult the legislative history, but there is every reason not to do so.

The statutory phrase "employed directly upon the site of the work" means that only employees working directly on the physical site of the public work under construction have to be paid prevailing wage rates.

Moreover, if the geographic proximity of the Davis–Bacon Act were expanded in the manner advocated by the Department of Labor, we would create the difficult problem of determining which off-site workers were indeed closely enough "related" to the public work site to justify inclusion under the Act. The *Ball* court noted as much when it stated,

> [T]he Secretary attempts to find any tiny crack of ambiguity remaining in the phrase "directly upon the site at the work" and cram into it a regulation that encompasses other sites miles from the actual location of the public works—in this case two miles, in another as much as 24 miles and in still

1. The *Midway* Court further commented that it was evident from the Davis–Bacon Act's legislative history that at least some members of Congress were concerned about infringing on private

industry if the Act's coverage was extended beyond those employees working directly on the work site. *See id.* at n. 12.

another, 3,000 miles from the actual construction location. *See Ross Bros. Const., Inc.,* WAB Case No 87–36 (Nov. 21, 1988) (sand and gravel facility 24 miles from construction location); *In re ATCO Const., Inc.,* WAB Case No. 86–1 (Aug. 22, 1986) (including fabrication facility for modular housing units located in Portland, Oregon in construction site on Adak Island, Alaska).

*Ball,* 24 F.3d at 1452. As a result, and for the same reasons twice articulated by the District of Columbia Circuit Court, we dispose of the Department of Labor's argument on the grounds articulated in step one of the *Chevron* test.

## C. Federal–Aid Highways Act

■ The Department of Labor also contends that even if this Court decides that the phrase "site of the work" in the Davis–Bacon Act is unambiguous, the Secretary is not precluded from applying the broader definition of that phrase (encompassed in 29 C.F.R. § 5.2(*l*)) to the contract in question because it is covered by the Federal–Aid Highways Act (a Davis–Bacon Related Act). The Department asserts that unlike the Davis–Bacon Act, the Federal–Aid Highways Act does not contain language limiting its scope to employees working "directly upon the site of work." The magistrate judge found that this argument failed and that Cavett's contract was indeed governed by the "site of the work" requirement of the Davis–Bacon Act. 892 F.Supp. at 979.

The Federal–Aid Highway Act states as follows:

(a) The Secretary shall take such action as may be necessary to insure that all laborers and mechanics employed by contractors or subcontractors on the construction work performed on highway projects on the Federal-aid highways ... shall be paid wages at rates not less than those prevailing on the same type of work on similar construction in the immediate locality as

determined by the Secretary of Labor *in accordance with the Act of March 3, 1931, known as the Davis–Bacon Act (40 U.S.C. 276a).*

23 U.S.C. § 113(a) (emphasis added). The Act specifically notes that the prevailing wage determination shall be "in accordance with" the Davis–Bacon Act. In our view, this means that the Federal–Aid Highways Act incorporates from the Davis–Bacon Act not only its method of determining prevailing wage rates but also its method of determining prevailing wage coverage. In other words, if 29 C.F.R. § 5.2(*l*) is inconsistent with the Davis–Bacon Act it must also be inconsistent with the Federal–Aid Highways Act.

This finding is consistent with a decision of the District of Columbia Circuit Court and with the Department of Labor's own regulations. In the District of Columbia's *Midway* decision, the prime contractor was subject to both the Davis–Bacon Act and the Federal–Aid Highway Act, however, that court only analyzed the case within the Davis–Bacon Act framework. *See Midway,* 932 F.2d at 987 n. 2. If the District of Columbia Circuit Court had thought that the Department of Labor's regulation (29 C.F.R. § 5.2(j)) could have been interpreted differently under the Federal–Aid Highways Act, it would have distinguished between the two statutes in its ruling.[2] In addition, if the Department of Labor truly believed that the Federal–Aid Highways Act dictated a more expansive prevailing wage coverage than the Davis–Bacon Act, it would not have enacted only one set of implementing regulations (at 29 C.F.R. Part 5) for both statutes.

Moreover, to the extent that there is legislative history on the Federal–Aid Highways Act, that history suggests a concern for ensuring that the wages of federally aided highway construction workers were given the *same* wage protection as those laborers cov-

**2.** The record indicates that the Building and Construction Trades Department argued in the *Midway* case that the Federal–Aid Highways Act did not contain the "site of the work" language of the Davis–Bacon Act and should therefore be used to determine prevailing wage coverage.

However, the *Midway* Court, obviously believing that the argument did not carry much merit, did not address the issue and denied the Building and Construction Trades Department's petition for rehearing without comment.

ered by the Davis–Bacon Act.[3] If this Court were to interpret the Federal–Aid Highways Act as applying to off-site workers, we would be giving laborers performing work on federally funded highway construction projects more protection than laborers performing work on federally funded non-highway construction projects—a result clearly not contemplated in the legislative history of the Federal–Aid Highways Act. As a result, we find that the magistrate judge correctly interpreted Cavett's contract under the statutory framework of the Davis–Bacon Act rather than the Federal–Aid Highways Act.

### III. Conclusion

For the foregoing reasons, the judgment entered below is **REVERSED** and the case is **REMANDED** to the district court with instructions to enter judgment in favor of Cavett.

**3.** The Senate Report accompanying a 1968 amendment to the Federal–Aid Highway Act noted,

Therefore, the committee recommends that the provisions of the Davis–Bacon Act be extended to cover the construction workers on the ABC highway system ... the need to place Federal construction programs and the wages of the workers on a comparable and equitable basis with other Federal construction practices far outweighs the cost and possible administrative difficulties.

See S.Rep. No. 1340, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 3482, 3496–97.