STATE OF MAINE
SAGADAHOC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-11-027
JAW - SAG - 9/3/2013

ROBERT DITTRICH,

Plaintiff

v.

ATLANTIC MECHANICAL, INC.,

Defendant

DECISION AND ORDER

STATE OF MAINE
Cumberland ss. Clerks Office

SEP 03, 2013

RECEIVED    MU

## INTRODUCTION

This matter arises out of a construction project known as the "Boston Light" Project on Little Brewster Island in Boston Harbor (Project or Boston Light Project). The purpose of the project was to build a year-round structure for docking boats transporting visitors to the oldest lighthouse in the country located on Little Brewster Island. The United States Coast Guard (USCG) contracted with Atlantic Mechanical, Inc. (Atlantic) as the general contractor on the Boston Light Project. Atlantic contracted with Patriot Marine, LLC, (Patriot), the primary subcontractor involved in the Boston Light Project and responsible for setting the towers at the Project. Patriot is not a party in this action.

The case came before the court for a bench trial on a wage claim that Robert Dittrich (Dittrich) was not paid for all the hours that he worked on the Boston Light Project. Dittrich seeks unpaid wages, which he argues are due at a rate required by the Davis-Bacon Act, 29 U.S.C. §276(a), and an amount equal to twice the unpaid wages as liquidated damages, costs and attorney fees pursuant to 26 M.R.S. §626-A. Atlantic responded with a number of affirmative defense, including that Dittrich's alleged work

was not performed for Atlantic and he did not work on any part of the Project for which he was to be paid Davis-Bacon wages.

The issues for resolution are: how many hours did Dittrich actually work on the Boston Light Project, if at all, and whether time on the East Boston Pier or the barge was to be compensated in accordance with regular wages or prevailing wages under Davis-Bacon. Dittrich's claims have been reduced from his original claim of three months for which he should have been paid Bacon-Davis wages to a two-week period for the weeks ending August 23, 2009 and August 30, 2009. He has eliminated from his claim that time spent working on the pier in East Boston. He persists however in claiming Davis-Bacon wages for time working on the barge, whether tied up at East Boston or Little Brewster Island, time traveling to and from Little Brewster Island, and time at the site of the Boston Light Project on Little Brewster Island.

Dittrich's claims at trial were that for the week ending August 23, 2009, he worked a total of 63 hours of which 50.5 hours were for the Boston Harbor Light Project and for the week ending August 30, 2009, he worked a total of 57.75 hours of which 22.25 hours were for the Boston Harbor Light Project. For the time he worked on the Boston Light Project he claims he should have been paid at the required Davis-Bacon prevailing wage of $42.25. The parties stipulated that for this case the prevailing wage under Davis-Bacon was $42.25. Dittrich claims that the barge constitutes part of the "site of work" as defined in 29 C.F.R. §5.2(1) and comes within the Davis-Bacon pay rate.

Atlantic contends that the Davis-Bacon prevailing wage rate does not apply to travel time and to time spent working at Patriot's shop in East Boston and plaintiff failed

2

to meet its burden of showing that he worked at the job site on Little Brewster Island on the days he claimed.

The court heard from a number of witnesses, including the following: Deborah Gerry, paralegal for plaintiff's attorney; Robert Dittrich; Robert Lochyer, the owner of Patriot; Christy Colby, Atlantic's bookkeeper; Daniel Smith by way of video, Patriot's manager; Larry Paul, owner of Atlantic; and Nicole Hogland, paralegal for defendant's attorney. The court also received into evidence 61 exhibits. The parties filed post-trial briefs

## FACTUAL FINDINGS

The evidence in this case permits the court to find the following facts:

Atlantic was the general contractor for the Boston Light Project work performed at Little Brewster Island in the summer of 2009. Patriot was the subcontractor, who maintained a shop in East Boston and a barge that travelled between an East Boston pier and Little Brewster Island, the site of the Boston Light Project. Larry Paul (Paul) owns Atlantic, and Robert Lochyer (Lochyer) owns Patriot.

For the weeks ending August 23 and 30, 2009, Dittrich performed various types of work for either Atlantic or Patriot. As an accommodation to Lockyer and Patriot, Atlantic processed payroll records for Patriot. The subs submitted certified pay reports on a daily basis and Paul reviewed those records every morning. Atlantic maintained Patriot's paperwork because Patriot had only one part-time office employee. Atlantic also paid Patriot's employees when Patriot had money problems and then Patriot reimbursed Atlantic.

Paul credibly testified that he never directed Dittrich to work on an offshore project

3

because he was only 21 years old and inexperienced. Paul recalls that Dittrich may have helped him one time with a delivery to Little Brewster Island. Paul also believed that any overtime was incurred when Dittrich worked for Lochyer on his new farm in Woolrich, Maine. Dittrich also drove Lochyer around because Lochyer had lost his license.

According to Paul, anybody who worked on the Boston Harbor Light Project on Little Brewster Island appeared on the daily construction report, whether an Atlantic or Patriot employee. (See Ex. 59.) The foreman or site superintendent submitted the daily construction report. This form reported to the Coast Guard site time only, not barge time or East Boston time. Paul submitted to the Coast Guard on a weekly basis the daily construction report attached to the payroll and the two should have matched. Dittrich's name did not appear on any of the daily construction report forms. There is a reference on the August 28, 2009 construction report form to the letter "R" without the rest of the name and the form reports that this was a laborer for the sub, not the prime. The R could mean Robert Dittrich, but this is mere speculation. The sub would be Patriot. This would be consistent with Paul's testimony that he (Atlantic) did not direct Dittrich to work at the Little Brewster site. This is also consistent with Dittrich's own testimony that "Atlantic directed [him] to go to Boston but once there Patriot's Dan Smith directed [his] work."

Atlantic certified its payroll and submitted it, along with the daily construction report forms, to the Coast Guard. Atlantic's bookkeeper prepared the certified payroll and took the information contained in her reports directly from the employees' time sheets. Atlantic's bookkeeper broke down on the cover sheet to her payroll reports the job and rate of pay for each employee. (See Exs. 13, 14, 54.) For the week of August 23, 2009, the bookkeeper reported that Dittrich worked 2.75 hours at the shop (E. Boston

4

pier), 2.75 hours at Rob's house (Lochyer's house) and 34.5 hours for Patriot, totaling 40 hours at $15 per hour for $600, which was reported and paid by Atlantic. (Exs. 13, 54.) For the week ending August 30, 2009, the bookkeeper reported that Dittrich worked 8 hours at Rob's house (Lochyer's house) and 32 hours for Patriot Marine. (See Exs. 14, 54.) Accordingly, Atlantic reported and paid him $600 for 40 hours at $15 per hour for the week of August 30.

Dittrich kept track of his time on a cell phone that he no longer had after "the phone went for a swim." Dittrich reported his time to the bookkeeper for Atlantic. The only time card Dittrich submitted was for the week ending August 30, 2009. (See Ex. 19.) On this time card, he totaled on the right hand side the hours he worked for Atlantic and the hours he worked for Patriot. Patriot reported to the Coast Guard all its employees who were on Boston Light Project site. ( Ex. 50.) Patriot did not report to the Coast Guard any time attributable to Dittrich that was spent on the Boston Light Project. (See Ex. 50.) And, Dittrich did not make a claim against Atlantic for Davis-Bacon wages or overtime until June 2010, when he was then working for Patriot. In the same month, Patriot sued Atlantic in connection with Atlantic's termination of Patriot as its subcontractor on the Project. The same attorney represented both Patriot and Dittrich.

At trial, Dittrich reconstructed his time worked on the project based on his memory, the journal maintained by Dan Smith, Patriot's project manager, Dittrich's telephone records with tower locations, and dated photographs allegedly showing him working at the Brewster Island site. Dittrich's memory was very poor, which is readily demonstrated

5

by the fact that his initial claim[1] to the U.S. Coast Guard was for three months but that on the eve of trial he reduced his claim to the two weeks. His only written record is his Job Report Sheet for the week ending August 26, 2009. (Ex. 19.) Dan Smith's journal entries do not help him because they do not reference Dittrich at all.

The cell tower records are not admissible for the purpose of showing he was working on the Boston Light Project at Little Brewster Island because they are hearsay. There was no reliable testimony that the towers reflected on his cell phone bill correlate to where he was located or what he was doing with respect to Project. More importantly, the work done on Little Brewster Island was too dangerous for one to be talking frequently on the cell phone and Dittrich's cell phone records disclose as few as six (6) calls a day to as much as forty-three (43) calls on one day. The average number of calls he made during the seven (7) days he claimed he was at the Boston Light Project based on his cell phone bill was 20.75 cell phone calls a day. So much of his claim that is based on his cell phone records is rejected.

The photographs lend some support to his claim that he was working at the Little Brewster Island cite on August 20 and 21, (Ex. 6a and 6b.), but the photographs do not establish whether he was working for Atlantic or Patriot. And, these photographs certainly do not establish that it is more likely than not that he was working for Atlantic on August 20 and 21. The testimony of Lockyer and Smith do not strengthen Dittrich's claim. They only recall Dittrich being at the Project but they were not certain of the date or dates. Their testimony was simply that Dittrich appeared to be in some of the photos because of "the way he carries himself," the type of hardhat worn and the short pants he

---

[1] In his claim to the U.S. Coast Guard, Dittrich claimed three months of back wages in the amount of $35,640 for June, July and August 2009.

6

often wore. This is not enough to bolster what is otherwise very weak evidence relating to whether Dittrich worked for Atlantic at the Project site. Dittrich has failed to demonstrate that it is more likely than not that he was working for Atlantic during the relevant time period.

## II. DISCUSSION

The Davis-Bacon Act, 29 U.S.C. §276(a) provides that all contracts involving federal construction projects, "mechanics and laborers employed directly on the site of the work" be paid local prevailing wage rates as set by the Secretary of Labor. The Labor Department's definition for "site of the work" is contained in 29 C.F.R. § 5.2 (l). The applicable regulation states: "The site of the work is the physical place or places where the building or work called for in the contract will remain; and any other cite where a significant portion of the building or work is constructed, provided that *such site is established specifically for the performance of the contract or the project*." 29 C.F.R. § 5.2(l)(1)(emphasis supplied). The Federal Register Summary described clarifications to this regulation in December 2000 as follows:

> Summary: . . . Specifically, this document revises the site of work definition to include material or supply sources, tool yards, job headquarters, etc., in the site of work *only where they are dedicated to the covered construction project and are adjacent or virtually adjacent to the location where the building or work is being constructed. Also changed is the regulatory definition of construction to provide that the off-site transportation of materials, supplies, tools, etc., is not covered unless such transportation occurs between the construction work site and a dedicated facility located "adjacent or virtually adjacent" to the construction site.*

Labor Standards Provisions Applicable to Contracts Covering Federally Financed and Assisted Construction, 65 Fed. Reg. 80268-01 (to be codified at 29 C.F.R. pt. 5) (emphasis supplied).

Both Paul and Lockyer testified that Davis-Bacon was not applicable for time spent on the barge for travel or time spent in East Boston. The only compensable barge time

was when the barge was tied up at Little Brewster Island. Both Paul and Lockyer have extensive experience regarding these USCG and industry practices and application of Davis Bacon wage rates to offshore construction. Aside from Dittrich, no employee of any contractor that worked on the Project claimed entitlement to Davis Bacon wages for time spent in East Boston at Patriot's facilities or time spent on the boat/barge going to and from the Project worksite. No worker on this Project received Davis Bacon wages for travel time on the barge or shore-based work in East Boston. Only Patriot personnel were paid Davis Bacon rates for time at Little Brewster Island which was the "site of the work." (See Ex. 50.) Patriot's facilities in East Boston, including the shop, docking facility and pier, were used for a variety of projects. These facilities were not used exclusively or specifically for this Project. Likewise, Patriot's barge was used across a variety of projects.

The case relied on by Dittrich is inapposite because the barge here is used for a variety of projects unlike the trucks in *Brockleman Trucking v. Pennsylvania Prevailing Wage Board*, 30 A. 3d 616, 623 (Pa. CMMW.2011). In *Brockleman*, the court found that the truck drivers hauled materials within the construction site and between the reconstruction site and the dump pit located adjacent to the turnpike lanes, and therefor performed services within the Davis Bacon regulations. This case is more akin to *L.P. Cavett Co. v. United States Department of Labor*, 101 F. 3d 1111 (6th Cir. 1996), where court found that the truck drivers hauling asphalt from the batch plant located three to five miles from the construction site were not entitled to prevailing wages. Here Patriot's facility and barge were used across projects and the site of work at Little Brewster Island was 1.5 to 2 hours from East Boston. Accordingly, even if Dittrich could prove by a

8

preponderance of the evidence that he worked for Atlantic, the court could not find that the site of the work includes travel time on the barge or time at East Boston as neither were "dedicated exclusively, or nearly so" for this Project nor were they "adjacent or virtually adjacent to the site of the work," except when the barge was anchored at Little Brewster Island.

The Court finds that Dittrich is not entitled to Davis Bacon wages. Work in East Boston or time in transit on the barge is not covered by the applicable regulations. Dittrich did not establish by a preponderance of the evidence that he worked at the site of the Project on Little Brewster Island. Even Davis's records, upon whom Dittrich relies, did not reflect that Dittrich was working at the job site, even though Davis reported both Atlantic and Patriot employees at the job site. Nowhere was Dittrich's name mentioned.

Atlantic's job report sheet for the last week in August suggests that Dittrich was to be paid overtime given his duties on Thursday and Friday. (Ex. 19.) If Dittrich is entitled to anything in this case, Dittrich should not receive Davis Bacon wages but at most only his purported overtime at normal rates ($15/hr. x 1.5 = $22.50/hr.) That amounts to 23 hours overtime for the week of August 17 ($517.50) and 17.75 hours for the week of August 24 ($393.75) for a total of $911.25. Atlantic tendered Dittrich checks for $1,503.92 in January 2012, (Exs. 55, 56 and 62), far more than what might have been due to Dittrich for overtime.

Dittrich has failed to establish by a preponderance of the evidence that he was working at the job site for Atlantic. Atlantic does not owe Dittrich any wages under Davis Bacon or any other statutory or regulatory provision. He has already been overpaid by Atlantic.

9

## III. DECISION

It is hereby ORDERED that:

Complaint against Atlantic Mechanical, Inc. is DISMISSED with costs.

The clerk shall incorporate this Order into the docket by reference

Date: August 30, 2013

Joyce A. Wheeler, Justice
Maine Superior Court

Plaintiff-David Pierson Esq.
Defendant-Robert Ruesch Esq.

10